IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF UTAH et al.,<br><br>        Defendants. | **O R D E R**<br><br>Case No. 2:15-CV-250 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Aaron David Trent Needham, moves the Court to allow him leave to amend his Second Amended Complaint here. The Court grants the motion, giving the following guidance for Plaintiff to follow in amending the Second Amended Complaint.

### INSTRUCTIONS TO PLAINTIFF

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other documents already filed in the case. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion to amend his Second Amended Complaint is **GRANTED**. (*See* Docket Entry # 22.) Plaintiff shall file his third amended complaint within thirty days.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a blank civil-rights complaint.

(3) Plaintiff's motion for service of process is **DENIED**. (*See* Docket Entry # 23.) There is no valid complaint on file to serve, pending the Court's receipt of a third amended complaint. Moreover, the Court will screen and order service of process on prisoner complaints without prompting. So, no motions of this kind are ever needed.

(4) Plaintiff's motion for transport is **DENIED**. (*See* Docket Entry # 6.) No hearings in this case are foreseeable.

(5) Plaintiff's motion to challenge the constitutionality of a statute is **GRANTED**. (*See* Docket Entry # 25.) Any such challenge shall be included in the third amended complaint.

DATED this 17th day of March, 2016.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court