IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>        Defendants. | **MEMORANDUM DECISION & ORDER DISMISSING DEFENDANTS & CLAIMS & ORDERING SERVICE ON REMAINING DEFENDANTS**<br><br>Case No. 2:15-CV-250-CW<br><br>District Judge Clark Waddoups |

Plaintiff/inmate, Aaron David Trent Needham, filed a *pro se* civil rights case, *see* 42 U.S.C.S. § 1983 (2018), proceeding *in forma pauperis*, *see* 28 *id.* 1915. The Court now screens his Fourth Amended Complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

### DISMISSAL ORDER

### 1. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing claims for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that

he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

      This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

## 2. Inadequate Description of Defendant

Plaintiff cursorily asserts that "Scott," a "medical supplier . . . orders material but neglects to order the right material [resulting in] maintain[ing] the infection for three and half years." In the nearly three years since he filed his initial complaint, Plaintiff has not been able to give more details about this defendant and claim. Over that time, the Court has entertained an amended complaint, a second amended complaint, a third amended complaint and now this fourth amended complaint. Moreover, the Court twice gave individually tailored advice to Plaintiff about how to assert valid claims. (*See* Docket Nos. 29 & 32.) Finally, the Court recently allowed Plaintiff yet another chance to clarify his fourth amended complaint. (Docket No. 42.)

The common first name, "Scott," along with the lack of other identifying information, is not enough to allow Plaintiff to move forward with any claims. "Scott" is therefore dismissed.

## 3. State-Actor Requirement

To establish a § 1983 cause of action, Plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law (without immunity). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988). These named defendants are not state actors and are therefore dismissed: Clement Tebbs, state witness (SW); John Tebbs, SW; Jolie Bown, SW; Brydie Platt, SW; John Grealish, SW; Greg Adamson, SW; BACT Limited Partnership; Bonneville Builders; BB Management I; Wells Fargo (WF); Jamie Starks, WF; 20/20 Properties; Chad Ferguson, home buyer; Kelly Hertz, home buyer; Christine Carter, investor; Allan Carter, investor; Deseret News; and St. George Spectrum.

The Fourth Amended Complaint names other defendants based on their role as Plaintiff's government-appointed defense counsel. The following rule therefore applies: "[T]he Supreme

Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).

Defendants Aric Cramer, public defender (PD); Candice Reed, PD; Doug Terry, PD; Ben Gordon, PD; Gary Kuhlman, PD; Nicolas Turner, PD; were thus not state actors, as they must be for Plaintiff to assert a federal civil-rights claim against them. Thus, Plaintiff's claims against them may not proceed here.

### 4. Affirmative Link

### a. Defendants

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor

does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Considering these guidelines, the Court concludes that Plaintiff has done nothing to affirmatively link Defendants Mark Shurtleff, retired Utah Attorney General (UAG); Gordon Summers, DOPL; Scherie Wilcox, paralegal UAG; Jacob Taylor Assistant UAG; Terri Powell, investigator UAG; Brock Karrington, state investigator; Dr. Gardner, USP; Officer Skinner, USP; Officer Gordon, USP; Elizabeth Lewis, USP case manager; Lieutenant Mason, USP; Sergeant Olan, USP; Officer Herrest, USP; Captain Holiday, USP; Dr. Norwicki, USP; Director Rollin Cook, USP; or Kurt Swayer, City of Mesquite; to his claims, but has instead identified them merely as bystanders or supervisors or deniers of grievances--and has not tied any material facts to them. Plaintiff's claims against these defendants therefore may not survive screening. And these defendants are dismissed.

### b. Claims Not Linked to Names or Named Defendants

i. "[F]orced to sleep on the floor with limited support for approximately 29 days receiving no access to the showers during the time – were [sic] [he] contracted some infection for sleeping on the floor at the Purgatory Jail."

ii. Isolated in the USP infirmary for nine months where Plaintiff "was allowed out of the cell for bandage change, an occasional shower for about an hour a day, spending the other 23 hours in the cell."

iii. USP "prevented any visitations or phone calls with family for one year."

iv. "[M]oved to an STG section at Oq 2 Section 2 for nearly three years with no access to a handicap toilet or to the microwave."

v. "Even though [Plaintiff's] injuries increased to the point that Bone and Tendons are exposed on both legs, [USP] refused to move [Plaintiff] to a cleaner environment."

vi. "The names and affidavits from these witnesses [regarding alleged conspiracy] was removed from [Plaintiff's] possession on November 15, 2016, with prison officials opening and repackaging all legal mail outside the presence of [Plaintiff]."

vii. "With the prison interfering with both legal material and legal mail to deny and delay access to the courts, this prejudice creates an unfair position to petition to argue and link individuals to this action."

The lack of an affirmative link to names or named defendants renders these potential claims invalid; they are thus dismissed.

### 5. Immunity

Plaintiff names as defendants USP Clinical Services and Purgatory Jail Clinical Services. As the Court explained to Plaintiff earlier, (Docket No. 32, at 6), in general, state and local government offices and agencies are considered arms of the State of Utah. As to claims against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for concluding that the State has waived its immunity or that its immunity has been

legislatively abrogated. Because any claims against the State are precluded by Eleventh Amendment immunity, the Court rules it has no subject-matter jurisdiction to consider them. *See id.* at *9. Defendants USP and Purgatory Jail Clinical Services are thus dismissed.

### 6. Legal Access

The Court addresses Plaintiff's legal access claim. The Court previously advised Plaintiff as to the proper elements of a legal access claim. (Docket No. 32, at 5-6.)

The Court advised Plaintiff as follows: It is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas

corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

It is the latter paragraph that Plaintiff did not observe as he tried to state a legal-access claim in the Fourth Amended Complaint. Considering Plaintiff's extensive litigation in state and federal court, the Court concludes he has not stated enough facts to show that he was hindered in pursuing a specific claim that is not frivolous. This claim of legal access is thus dismissed.

### 7. Conspiracy

Plaintiff argues that Defendants Wayne Hollman, Mark Shurtleff, Terry Powell, Jacob Taylor and Scherie Wilcox colluded "to investigate, fabricate charges to mislead the courts[,] then . . . coordinate[d] with State appointed attorneys to withhold exculpatory and impeachable evidence from the courts." As the Court previously instructed Plaintiff, (Docket No. 32, at 6), to state a conspiracy claim, plaintiff "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this responsibility here; his vague assertions that multiple people lied to effect his illegal arrest and incarceration, and, therefore, a conspiracy must be involved, are not enough. He must assert more detail to pursue this claim further. This claim is thus dismissed.

### ORDER FOR SERVICE OF PROCESS ON REMAINING DEFENDANTS

The Court concludes that official service of process is warranted on the remaining defendants. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Fourth Amended Complaint, (*see* Docket Entry # 37), along

with this Order, upon the following State of Utah defendants: **Wayne Hollman, Division of Professional Licensing; and Dr. Roberts, USP.**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1]; and,

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

    (i) file an answer; or

    (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

---

[1] *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules, Defendants must file an appropriate motion within 90 days of filing his answer.

Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

**1.** Defendants Shurtleff, Summers, Wilcox, Taylor, Powell, Cramer, Karrington, Reed, Terry, Gordon, Kuhlman, Turner, C. Tebbs, J. Tebbs, Bown, Platt, Grealish, Adamson, BACT Limited Partnership, Bonneville Builders, BB Management, Wells Fargo, Starks, Swayer, 20/20 Properties, Ferguson, Hertz, C. Carter, A. Carter, Dr. Gardner, USP Clinical Services, Purgatory Jail Clinical Services, Skinner, Gordon, Lewis, Mason, Olan, Herrest, Holliday, Norwicki, Cook, Deseret News, and St. George Spectrum are **DISMISSED.**

**2.** All factually unsupported claims and those unlinked to named defendants are **DISMISSED**.

**3.** The only **remaining defendants and claims** are **Wayne Hollman** of Division of Professional Licensing, being sued for **disability discrimination** in rejecting Plaintiff's application for a general contracting license; and **Dr. Roberts** of USP, being sued for **inadequate medical treatment**, such as providing a reduced dose of antibiotics and other "treatment that have [sic] resulted in the loss of [Plaintiff's] right kidney."

**4.** The USMS shall serve a completed summons, a copy of the Fourth Amended Complaint, (*see* Docket Entry # 37), and a copy of this Order upon the above-listed **remaining** defendants— **Hollman and Roberts**.

**5.** Within twenty days of service, Defendants must file an answer or motion to dismiss, as outlined above.

**6.** If filing (on exhaustion or any other basis) a *Martinez* report, Defendants must do so within 90 days of filing his answer(s). Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

**7.** If served with a *Martinez* report, Plaintiff may file a response within 30 days of the report's filing date.

**8.** If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

**9.** Summary-judgment motion deadline is 120 days from filing of answer.

**10.** If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

**11**.Plaintiff's Motion for Arbitration for Provisional Remedy, (*see* Docket Entry # 38), is **DENIED**; Plaintiff does not state what he means by this request and the Court cannot decipher it with any reasonable certainty.

**12**.The Fourth Amended Complaint is the very last rendition of Plaintiff's claims that the Court will accept in this case. No further claims, defendants, or amended complaints will be accepted. The claims and defendants are limited from now on to those named in "**3**" above in this list.

DATED this 12th day of March, 2018.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court

# Fed Rule of Civil Procedure 56

Current through changes received December 12, 2017.

## Rule 56. Summary Judgment

- **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
- **(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
- **(c) Procedures.**
  - **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    - **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    - **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
  - **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
  - **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
  - **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
- **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  - **(1)** defer considering the motion or deny it;
  - **(2)** allow time to obtain affidavits or declarations or to take discovery; or
  - **(3)** issue any other appropriate order.
- **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
  - **(1)** give an opportunity to properly support or address the fact;
  - **(2)** consider the fact undisputed for purposes of the motion;
  - **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
  - **(4)** issue any other appropriate order.
- **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
  - **(1)** grant summary judgment for a nonmovant;
  - **(2)** grant the motion on grounds not raised by a party; or
  - **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
- **(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
- **(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**DISTRICT OF UTAH LOCAL CIVIL RULE 56-1**

## *SUMMARY JUDGMENT: MOTIONS AND SUPPORTING MEMORANDA*

**(a) Summary Judgment Motions and Memoranda.**

A motion for summary judgment and the supporting memorandum must clearly identify itself in the case caption and introduction.

**(b) Motion; Requirements and Supporting Evidence.**

A motion for summary judgment must include the following sections and be supported by an Appendix of Evidence as follows:

(1) Introduction and Relief Sought:A concise statement of each claim or defense for which summary judgment is sought, along with a clear statement of the relief requested. The parties should endeavor to address all summary judgment issues in a single motion. If a party files more than one motion, the court may strike the motion and that require the motions be consolidated into a single motion.

(2) Background (Optional):Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Relief Sought section and the Statement of Undisputed Material Facts section. Factual summaries in the background section need not be limited to undisputed facts and need not cite to evidentiary support.

(3) Statement of Undisputed Material Facts: A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only those facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix of Evidence that supports each factual assertion.

(4) Argument: An explanation for each claim or defense, of why, under the applicable legal principles, the moving party is entitled to judgment as a matter of law. The arguments should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual citations must cite to the Appendix of Evidence, not the Statement of Undisputed Material Facts.

(5) Appendix of Evidence: All evidence offered in support of the motion must be submitted in an attached appendix. The appendix should be proceded by a captioned cover-page index that lists each exhibit by number, includes a description or title, and if the exhibit is a document, identifies the source of the document. The appendix should include complete copies of all exhibits, including complete copies of depositions, to the extent possible. In cases where lengthy depositions are relied upon, the moving party need not submit the entire deposition. However, the moving party must submit at least four (4) pages before and four (4) pages after the cited depostition transcript pages(s), for a total of at least nine (9).

**(c) Opposition Memorandum Requirements and Supporting Evidence.**

A memorandum in opposition to a motion for summary judgment must include the following sections and, if applicable, be supported by an Appendix of Evidence as follows:

(1) Introduction: A concise summary explaining why summary judgment should be denied.

(2) Background (Optional): Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Introduction section and the Response to Statement of Undisputed Material Facts section. Factual summaries in the background
section need not be limited to undisputed facts and need not cite to evidentiary support.

(3) Response to Statement of Undisputed Material Facts: A restatement of each fact the opposing party contends is genuinely disputed or immaterial, a concise statement explaining why the fact is disputed or immaterial, and a citation with particularity to the evidence upon which the non-moving party relies to refute that fact [8]. Any factual citations must reference the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses. The nonmoving party should not restate all of the moving party's statement of facts and should only respond to those facts for which there is a genuine dispute of material fact.

(4) Statement of Additional Material Facts (if applicable): If additional material facts are relevant to show that there is a genuine dispute of material fact, state each such fact and cite with particularity the evidence that supports the factual assertion from the appropriate party's Appendix of Evidence.

(5) Argument: An explanation for each claim or defense of why, under the applicable legal principles, summary judgment should be denied. Any factual citations must cite to the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses.

(6) Appendix of Evidence: All evidence offered in opposition to the motion must be submitted in an appendix, utilizing the same procedure set out in DUCivR 56-1(b)(5). Counsel must make every effort not to duplicate evidence submitted by the other party. The appendix should be preceded by a cover page index that lists each exhibit by number, includes a description or title and, if the exhibit is a document, identifies the source of the document.

**(d) Reply.**

The moving party may file a reply memorandum. In the reply, a moving party may cite only additional evidence not previously cited in the opening memorandum to rebut a claim that a material fact is in dispute. Otherwise, no additional evidence may be cited in the reply memorandum, and if cited, the court will disregard it.

**(e) Citations of Supplemental Authority.**

When pertinent and significant authorities come to the attention of a party after the party's memorandum in support of or in opposition to a summary judgment motion has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations. Any response must be made, filed promptly, and be similarly limited.

**(f) Failure to Respond.**

Failure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice, provided the moving party has established that it is entitled to judgment as a matter of law.

**(g) Length of Memoranda and Filing Times.**

(1) A motion for summary judgment and a memorandum in opposition must not exceed 10,000 words, or in the alternative, forty (40) pages. A reply brief cannot exceed 5,000 words, or in the alternative, twenty (20) pages. If the document exceeds the page limit, then the party must certify compliance with the word-count limit. This limitation includes the following items: introduction, relief sought, background, statement of undisputed material facts, response to statement of undisputed material facts, statement of additional material facts, argument, and conclusion. This limitation excludes the following items: face sheet, table of contents, table of authorities, signature block, certificate of service, and appendix. Motions to file an overlength brief are discouraged and will be granted only upon a showing of good cause and exceptional circumstances, as set forth in DUCivR 7-1(e). Â

(2) Filing times and length of memoranda are governed by DUCivR 7-1.