## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY ROBERTS et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING DEFENDANT HOLMAN'S MOTION TO DISMISS AND RULING ON OTHER MOTIONS**<br><br>Case No. 2:15-CV-250 CW<br><br>District Judge Clark Waddoups |

Defendant Holman's Motion to Dismiss, (Doc. No. 61), is at issue here. Plaintiff responded to the motion. (Doc. Nos. 63, 64, 66, 67, 76, 86, 92, 98, 103, & 105.) Defendant Holman replied to the responses. (Doc. No. 68.) Having carefully considered the filings and the law, the Court grants Defendant Holman's Motion to Dismiss based on the statute of limitations.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth facts demonstrating a plausible claim for relief." *Defeudis v. Wolfenden*, No. 2:13-CV-429-CW, 2013 U.S. Dist. LEXIS 79069, at *2 (D. Utah June 6, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will "presume[] the truth of all well-pleaded facts in the complaint," it "need not consider conclusory allegations" in determining whether a claim for relief is plausible. *Defeudis v. Wolfenden*, No. 2:13-CV-429-CW, 2013 U.S. Dist. LEXIS 79069, at *2 (D. Utah June 6, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a plaintiff's claims are time-barred, the defendant is entitled to dismissal under Rule 12(b)(6). *See Kartiganer v. Juab County*, No. 2:10-CV-842-CW, 2012 U.S. Dist. LEXIS 73422, at *4-5 (D. Utah Apr. 6, 2012) (report and recommendation) (dismissing plaintiff's claims with

prejudice as "time barred by the statute of limitations"), *adopted by* 2012 U.S. Dist. LEXIS 73419 (D. Utah May 25, 2012).

Because Plaintiff proceeds pro se, his pleadings are "'liberally construed'" and held to a "'less stringent standard than formal pleadings drafted by lawyers.'" *See id.* at *4-5. But "'a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury,'" and must therefore "'provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.'" *Rudolph v. Hanson*, No. 2:14-cv-883-CW, 2015 U.S. Dist. LEXIS 113125, at *1 (D. Utah Aug. 25, 2015) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). A court thus will not "'assume the role of advocate for a pro se litigant'" by "'supply[ing] additional facts" or "construct[ing] a legal theory for plaintiff that assumes facts that have not been pleaded.'" *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Plaintiff asserts that--in July 2003--Defendant Holman, of Utah Department of Occupational and Professional Licensing (DOPL), denied him a general-contractor's license. Plaintiff contends Defendant Holman based the denial on Holman's statement that "disabled individuals need not be general contractors." (Doc. No. 64, at 5.) On these allegations, Plaintiff filed this federal civil-rights action on April 13, 2015. He also argues these facts support a claim under Title II of the Americans with Disabilities Act (ADA). *See* 42 U.S.C.S. § 12132 (2019) ("Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by an such entity.").

Defendant Holman challenges Plaintiff's claims under the applicable statute of limitations. "Generally, a limitation defense is an affirmative defense and the burden of proof is on the party asserting it." *Larson v. Snow College*, 189 F. Supp. 2d 1286, 1292 (D. Utah 2000).

Plaintiff's § 1983 and ADA claims "fall under the four-year statute of limitation period of [Utah Code Ann. § 78B-2-307 (2018)]." *Id.*; *see also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983."). Such actions typically accrue on the date of the alleged violation, *see Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), or "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (§ 1983 case), and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations here, the Court concludes that Plaintiff's claim against Defendant Holman is barred as untimely. Plaintiff's claim arises from a single allegation: Based on disability, Defendant denied Plaintiff a state general-contractor's license. This occurred and was known to Plaintiff in July 2003. The statute of limitations therefore expired in July 2007. This action was not filed until almost eight years later--on April 13, 2015.

Plaintiff argues statutory and equitable tolling apply. The statutory tolling that he suggests is based on Utah Code sections that apply to estates and legal disability. *See, e.g.*, Utah Code

Ann. §§ 78B-2-223 (2018) ("[Sections regarding recovery of an estate] "shall not apply to minors or others under legal disability to sue at the time when the right of action first accrues."); *id*. § 78B-2-224(2) ("A statute of limitations may not be applied to a person's ability to bring an action during a period in which the person is: (1) a minor; or (2) mentally incompetent."). None of these situations apply to Plaintiff and he makes no real effort to assert supporting facts. He does refer to "the doctrine of fraudulent concealment," (Doc. No. 86, at 2), with no supporting fact scenario. He also states that real estate "sales contracts in 2003 were disrupted by Holman's actions in 2003." (*Id*. at 10.) However, the contracts involved were "interfered" with in 2003, so that argument does not help Plaintiff, even if these statutes were somehow applicable. Moreover, if Plaintiff is asking the Court to infer "legal disability" from the fact that he is physically disabled, the Court is unable to do so; there are no facts or law hinted at to support this.

Plaintiff's other equitably based arguments are more creative. For instance, he alleges, "In July 2003, Wayne Holman's policy to discriminate against Plaintiff's disability to deny renewal of his general contracting license has infected every court proceeding to the present." (Doc. No. 67, at 8.) He lists a series of hospitalizations and other setbacks, including financial challenges, his divorce, and criminal charges and convictions, traces causation for the whole of it back to the actions of Defendant Holman: "All this because Wayne Holman does not believe WHEEL CHAIR individuals should not [sic] be contractors." (Doc. No. 64, at 7-10.) Plaintiff proposes a theory of continuing wrongs be applied to these circumstances to presumably show that the statute of limitations has never started on his license denial. Recently he stated, "Even the University of Utah Medical Records has joined the conspiracy [that began with Defendant Holman] as a hostile witness who refuses to produce medical records." (Doc. No. 105, at 3.) He

sums up: "The conspiracy of Wayne Holman, DOPL and State of Utah who has used petitioner's illness and disease to aggravate an assault that has lasted over ten (10) years." (*Id*. at 1.) He urges criminal liability, citing racketeering law, alleging this case involves a "pattern requir[ing] planned, ongoing, continuing crime." (*Id*. 86, at 11.)

These conclusory allegations meet the definition of "frivolous"--they "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is "patently obvious" that these arguments are irrational and contrived. *McGinnis v. Freudenthal*, 426 F. App'x 625, 628 (10th Cir. 2011). The Court therefore rejects them.

In short, Plaintiff's § 1983 and ADA claims against Defendant Holman are barred by the applicable four-year statute of limitations. So, regardless of whether Plaintiff can otherwise state a claim upon which relief may be granted, his claims against Defendant Holman fail.

## ORDER

**IT IS ORDERED** that:

(1) Defendant Holman's Motion to Dismiss is **GRANTED**. (Doc. No. 61.) Defendant Holman is dismissed with prejudice.

(2) Plaintiff's new-trial motion is **DENIED**. (Doc. No. 50.) When there has been no trial, there can be no new trial. The Court construes this improper request as a motion to reconsider order forty-seven. Despite Plaintiff's contrary assertions, there is no new amended complaint and no new evidence supporting this request. This case is four years old and the parties are litigating the Fourth Amended Complaint. (Doc. No. 37.) After screening past complaints, twice giving specific guidance on how to cure deficient complaints, (Doc. Nos. 29 & 32), and thoroughly reviewing Plaintiff's copious arguments, the Court took the step last year of ordering: "The

Fourth Amended Complaint is the very last rendition of Plaintiff's claims that the Court will accept in this case. No further claims, defendants, or amended complaints will be accepted. The claims and defendants are limited from now on to those named in "**3**" above in this list." (Doc. No. 47, at 12.) This order has been under heavy attack by Plaintiff who has never since stopped with his burdensome, tedious filings unceasingly asking to amend his claims. And the Court has continued to defer to Plaintiff's *pro se* status in painstakingly reviewing each filing.

(3) Plaintiff's motions to compel discovery are **DENIED**. (Doc. Nos. 56 & 57.) The requests primarily involve DOPL materials, which are rendered entirely irrelevant under this Order dismissing DOPL Defendant Holman. The sole remaining defendant in this case is Defendant Roberts and the sole remaining claim is that Defendant Roberts provided inadequate medical care. Nothing else will be considered by the Court in this case at any future time.

(4) Plaintiff's motions to amend his complaint are **DENIED**. (Doc. Nos. 67 & 86.)

(5) Plaintiff's motion to engage in electronic filing is **DENIED**. (Doc. No. 72.)

(6) Plaintiff's motion for a time extension in which to conduct discovery as a basis for an amended complaint is **DENIED**. (Doc. No. 96.)

(7) Plaintiff's motion for discovery is **DENIED**. (Doc. No. 100.) The Court has already initiated discovery by ordering Defendant Roberts to produce a *Martinez* report. (Doc. No. 47, at 9-10.) The *Martinez* report is done and copied to Plaintiff. (Doc. No. 84.) Once it reviews the *Martinez* report, summary-judgment motion, and Plaintiff's responses, the Court will determine on its own whether further discovery is required and order it if it deems necessary.

(8) Plaintiff's motion for a copy of sealed medical records is **DENIED**. (Doc. No. 101.) Defendant has responded to assure that the sealed documents were already copied to Plaintiff and that the sealed document(s) has been re-sent to Plaintiff. (Doc. No. 104.)

(9) Plaintiff's motion for a time extension in which to respond to Defendant Roberts's summary-judgment motion, (Doc. No. 87), is **GRANTED**. (Doc. No. 106.) Plaintiff has already had almost five months to respond. The Court sets a new and **FINAL** deadline of May 16, 2019.

(10) **THE COURT WILL NOT ACCEPT ANY FILINGS FROM PLAINTIFF EXCEPT FOR ONE DOCUMENT LABELED, "RESPONSE TO DEFENDANT ROBERTS'S SUMMARY-JUDGMENT MOTION," UNTIL FURTHER FILINGS ARE SPECIFICALLY INVITED BY THE COURT**. The Clerk's Office must return to sender any attempted filing from Plaintiff in this case except for one document labeled, "Response to Defendant Roberts's summary-judgment motion," until further notice by the Court. This is made necessary by the overwhelming nature of Plaintiff's uninvited voluminous, vexatious and repetitive filings here and in three other cases he has brought in the District of Utah since 2015.

DATED this 18th day of April, 2019.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court