IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AARON DAVID TRENT NEEDHAM,<br><br>    Plaintiff,<br><br>v.<br><br>SIDNEY ROBERTS,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:15-CV-250 CW<br><br>District Judge Clark Waddoups |

On October 4, 2019, the Court granted summary judgment for the last remaining defendant in this case and ordered the action closed. (ECF No. 125.)

One month later, Plaintiff filed, "Rule 60b motion including Doc # 104 Wayne Holman dismissed to be included." (ECF No. 130.) Petitioner's argument in the motion is curt: "Petitioner pro se, Aaron Needham file Rule 60b motion including Doc # 104 Wayne Holman to be included that is filed for good cause and timely: The inadvertent, mistakes and fraud upon the court are issues and claims that petitioner seeks to present with material evidence." [Sic] (*Id.*)

Four months later, Plaintiff filed, "Motion to rule 2 Fed R App. to allow petitioner to introduce defendants who support Dr. Roberts and the material evidence." (ECF No. 133.) His entire argument is repeated here:

> Petitioner pro se, Aaron Needham motion under rule 2 fed R App P. to waive rules that would block petitioner from introducing individuals and material evidence for good cause shown. Petitioner is submitting a extension to file rule 60b motion that has been delayed due to state official interference. See Murray v. Carrier. Petitioner prays the Court will waive barriers to allow Petioner opportunity to present material evidence.

[Sic] (ECF No. 133.)

Federal Rule of Civil Procedure 60(b) states in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Plaintiff has not shown that any of these grounds for relief exist here. His Rule 60(b) motions lack rational argument and coherence. Plaintiff thus does not meet the standard for relief under Rule 60(b); the Court's October 4, 2019 Order and Judgment stand. (ECF Nos. 125 & 126.)

Further, Plaintiff's filings on the docket after the Rule 60(b) motions were filed all appear to be regarding potential new claims and defendants that should be addressed in a new civil-rights complaint, if desired.

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motions are **DENIED**. (ECF Nos. 130 & 133.) This action remains closed.

**IT IS FURTHER ORDERED** that the Clerk of Court must mail to Plaintiff a packet, including a blank-form complaint and information on how to file the complaint, should he wish to submit a new case.

DATED this 29th day of September, 2020.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court